IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. ANDERSON, | No. C 10-05557 CW (PR) |
| Plaintiff, | ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Troy J. Anderson is incarcerated at the Martinez Detention Facility. At the time he filed the instant action, he had not been convicted and was involved in ongoing state criminal proceedings. Although Anderson did not designate this action as either a civil rights action or a habeas corpus petition, it was filed by the clerk as a civil rights action. Because the type of relief Anderson seeks, however, pertains to the legality of his ongoing criminal proceedings, the Court construes Anderson's pleadings as a petition for a writ of habeas corpus. See Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011)(to the extent a prisoner maintains he is entitled to "immediate or speedier release" from confinement, such a claim may be asserted only in a petition for a writ of habeas corpus).

Anderson's allegations are not easy to decipher, but he appears to claim that his arrest was unlawful, the prosecution and police department are withholding exculpatory evidence from him and the judge presiding over his criminal proceedings has not allowed

him to represent himself adequately in propria persona.  He does not state that he has raised his claim in any other court, and asks this Court to intervene in his ongoing state proceedings.

This Court has authority to entertain a petition for a writ of habeas corpus by a person in custody, but not yet convicted or sentenced.  See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F. Supp. 574, 576 (D. Nev. 1976). Such a person is not in custody "pursuant to the judgment of a state court," 28 U.S.C. § 2254, and therefore brings his petition under 28 U.S.C. § 2241(c)(3).  McNeely, 336 F.3d at 824 n.1. Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this Court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also United States ex rel. Goodman v. Kehl, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies).

Here, Anderson alleges no special circumstances warranting this Court's intervention in his ongoing state proceedings.  Each of his claims is amenable to state court review through available state procedures.  Accordingly, the Court must abstain from addressing the instant petition until Anderson's state criminal proceedings are concluded.

Additionally, to the extent Anderson's pleadings attempt to

2

raise a claim for damages based on the alleged violations that form the basis of his request for habeas relief, no such claim is available to him at this time.

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, an individual asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. <u>See</u> <u>id.</u> at 486-87.  A claim for damages bearing such relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Id.</u> at 487.  Although a claim for damages will not be barred under <u>Heck</u> if the plaintiff has not yet been convicted, such claim should not go forward if criminal proceedings are still pending. <u>See</u> <u>Wallace v. Kato</u>, 127 S. Ct. 1091, 1098 (2007).  Accordingly, Anderson cannot seek damages for alleged violations pertaining to his conviction unless and until he is convicted and subsequently has his conviction set aside.

For the foregoing reasons, the instant action is DISMISSED without prejudice to Anderson's filing a federal habeas petition challenging the validity of his conviction once he has exhausted state remedies, and filing a civil rights action for damages in

3

accordance with Heck v. Humphrey.[1]  Leave to proceed in forma pauperis is GRANTED (Docket no. 13).  The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 8/10/2011

CLAUDIA WILKEN
United States District Judge

---

[1] Individuals in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c)); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANDERSON et al,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS AND REHABILITATION et al,

    Defendant.

Case Number: CV10-05557 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 10, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy J. Anderson
MDF
CC10CL83N
901 Court Street
Martinez, CA 94553

Dated: August 10, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

5